**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MORRISON, | ) NO. CV 15-00635-CAS (MAN) |
| Petitioner, | ) |
| v. | ) ORDER: DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| THE STATE OF CALIFORNIA, | ) WITHOUT PREJUDICE; AND DENYING |
| | ) CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |

On January 28, 2015, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner, who is incarcerated at the Los Angeles County Jail, names as Respondent the State of California.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the instant Petition is required due to a lack of jurisdiction.

Petitioner is not challenging a state conviction or sentence, the execution of a sentence, or the fact of his custody or incarceration. Rather, Petitioner complains that he has requested legal forms, including a form civil rights complaint, and his requests have not been fulfilled. He contends that, under the United States Constitution, he is "suppose[d] to get . . . government legal documents."(Petition at 3.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the ground of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition. *See* Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); *see also* Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004)("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 500. "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004).

Notwithstanding Petitioner's invocation of Section 2254, he seeks to pursue a civil rights claim based on an asserted violation of his federal constitutional right to access the courts.  He apparently seeks injunctive relief, *i.e.,* an order requiring Jail officials to provide him with the legal forms he has requested.  Petitioner seeks relief that is not available through a habeas action.  *See* Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'")(citations omitted).  Petitioner's claim, therefore, must be raised by way of a civil rights complaint, rather than through a habeas petition brought under Section 2254.

While the Court may construe a flawed habeas petition as a civil rights action, *see* Wilwording v. Swenson, 404 U.S. 249, 251 (1971), converting the Petition to a 42 U.S.C. § 1983 complaint would be improper, given that:  (1) the Petition was not accompanied by the $350 filing fee; (2) the Petition was not accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization from Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) no viable Section 1983 claim has been stated against the sole named Respondent[1]; and (5) there is no

---

[1] The State of California is the only named Respondent.  The Petition, however, complains about events that allegedly took place at a facility run by the County of Los Angeles Sheriff's Department.

indication that Petitioner has exhausted his administrative remedies.[2]

In addition, if the Petition were converted to a Section 1983 complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

As noted above, the allegations of the Petition do not state a cognizable Section 1983 claim against Respondent. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.,* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court

---

[2] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6 (2001). Petitioner does not allege that he has exhausted his administrative remedies available to him at the Los Angeles County Jail.

believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present claim through a properly-submitted civil rights complaint.[3]

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 30, 2015

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[3] Before filing such a complaint, Petitioner will have an opportunity to consider carefully if he is willing to incur the $350 filing fee obligation and risk the possibility of incurring a "strike."